Ruffin, Judge.
 

 — I think the bill ought to be dismissed, on two grounds. The one. is, that the answer directly and positively denies the loan to the Sheriff, and the contrary is proved by, only one witness,
 
 Gray Crowe.
 
 If there were nothing particular to be said of his deposition, it is the constant course of the Court to refuse a decree upon the testimony of a single witness, unsupported by circumstances, against the answer,, directly responsive to the bill. But it is almost impossible to believe the witness, without the contradiction. The tran-' suction deposed to is, to say the least of it, most extraordinary. That a needy man, whose negro had been sold under execution, and who had the surplus money offered to him, should loan it to the Sheriff, without taking any security therefor, and this after application made by him for the money, cannot readily be credited, without the testimony of more than one witness, uncorroborated in any manner.
 

 But besides this, the Plaintiffs come too late here. They ought to have filed their bill of discovery, pending the suit at law. After a trial there, which they resisted upon the evidence in their power, they cannot come here for a new trial, merely because the verdict was unjust
 
 *451
 
 If the matters alleged be no defence at Law, that is a different: case ; for then the discovery would be of no avail. Bat if the. discovery now sought might have availed as a defence at Law (which is the ease here) then the only ex-cn-e for not proving it at Law, either by witnesses or by a discovery from the Defendant, is, that the fact was not then within the knowledge of the party. The Plaintiff" Isas no right to discovery and relief in this Court, when by asking the discovery here in due time, he might have had the relief at Law. f ,r that would he altogether changing the forum, by which facts are to be found in the ordinary jurisdiction of the Courts.
 
 A
 
 jury is primarily to pass upon legal defences ; and no transfer of the jurisdiction ought to he allowed, which does not arise from necessity. Here the Plaintiffs admit, they had heard of the loan before the trial at Law. Why then did they not seek a discovery ? Can any reason be given, except that: they wanted to find where the case pinched ?
 

 This however, it may be said, applies only, where the bill seeks relief upon tire discovery in the Defendant’s answer solely — where the Plaintiff puts himself on the Defendant’s conscience, and not where the relief is prayed apon the strength of evidence newly discovered, in the latter case, the party relies upon his proof. I adroit the difference. But it will not help these Plaintiffs j because it docs not appear in the evidence, when they came to tire knowledge of what the witness knew. As I have just said, Equity does not interfere merely to prevent Injustice but only upon the ground, that the party had it not in his power' to have justice done him. He had that power, if he knew of the existence of the witness., and what he would swear. It is therefore, a material allegation, in every such bill, ihat the Plaintiff was ignorant, at the time of rh» trial at Law, of tire existence of the fact, or of the witness by whom he can how prove It. And like every other material allegation, it must he proved. This may he always done, at least as to fk? ■-
 
 *452
 
 purpose, by examining the witness as to the period of kis communicating to the party his knowledge of the fact, as well as by examining him as to the principal point. jjere nothing of the sort has been done.
 
 Crowe
 
 merely proves the loan by the Defendant, and does not say one word why he kept it secret during the suit at Law, nor when he told the Plaintiffs. For any thing we can know-, he was purposely kept back, lest a Rutherford jury might not th>nk fit to credit the very singular account he gives of the transaction.
 

 Per Curiam.
 

 — Let the bill be dismissed with costs.